WILLIAM W. LANGDON *vs.* ORSON L. DOUD.

If a debtor who lives in this commonwealth, being about to go away, represents to a creditor that he does not intend to return, but without any purpose of deceiving the creditor and inducing the belief that he intends to take up a permanent residence in another state, when in fact he has no such purpose, and he subsequently returns and is sued after the lapse of six years, he is not estopped by the above representation from setting up in defence the statute of limitations, and showing in support of this defence that he never acquired a domicil elsewhere.

CONTRACT upon a promissory note, signed by the defendant, dated September 9, 1854. The writ was dated May 20, 1862. The defence was the statute of limitations.

At the second trial in the superior court, before *Vose*, J., after the decision reported in 6 Allen, 423, the plaintiff introduced evidence to show that in March 1855 the defendant, who then lived in Monterey, told the plaintiff that he was going to California in about a month from that time, never to return, and

would within that month pay the note; and that he left for California the next day, and remained there until the autumn of 1858, when he returned to Monterey. The plaintiff also offered evidence to show that he was induced by the defendant's statements to believe that the defendant never would return to Massachusetts, and therefore did not bring any suit in this commonwealth in his absence, believing that the defendant intended to reside in California, and that, if he should happen to return here, the time of his absence would be deducted; but this evidence was excluded. The evidence was conflicting as to the defendant's purpose in going to California, and his intention to return.

The judge instructed the jury that, in order that the time of the defendant's absence from Massachusetts should not be taken as a part of the time limited for the commencement of this action, he must have been absent from and residing out of the Commonwealth under such circumstances that he ceased to have any domicil here; that, it being conceded that the defendant had such a domicil in Monterey when he left for California, if he left this commonwealth intending not to return, and went to California and took up his actual residence there, with the intention of remaining there permanently, then his domicil here ceased, and the time of his absence is to be deducted; but if he left for California intending to return, and not to abandon his home or permanent residence here, or if he left, intending not to return, but did not take up an actual residence in California, with the intention of making a permanent residence or home there, then his domicil remained in Massachusetts, and the time of his absence should not be deducted.

The plaintiff asked the court to rule that if the defendant stated to the plaintiff that he was going to California and was never coming back, and the plaintiff believed such statement and acted upon it to his injury, in forbearing to bring a suit or obtain a judgment against the defendant in his absence, then the defendant would be estopped to deny that he did not intend to return to Massachusetts; or if the defendant, in regard to leaving Massachusetts and going to California, so stated to the

plaintiff or so conducted toward him willingly and wittingly as to lead him into the belief that the defendant would become and remain a resident in California, whereby the plaintiff was misled or might be misled to his injury, then the defendant would be estopped from making denial in regard to his said statements or conduct; or if the defendant's statements and conduct in regard to going to California were intended ,to deceive the plaintiff, then he would also be so estopped. The judge declined to give any of the above instructions, but submitted the following questions to the jury: 1. Did Doud, before he left for California, represent to the plaintiff that he did not intend to return to Monterey to reside? 2. If he made such representation, did he do so for the purpose of deceiving the plaintiff and inducing him to believe that he intended to take up a permanent residence in California, when in fact he had no such purpose? To the first question the jury answered, " He did;" and to the second, " No."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*I. Sumner & J. Dewey, Jr.,* for the plaintiff, cited *Pickard* v. *Sears,* 6 Ad. & El. 469; *Freeman* v. *Cooke,* 2 Exch. 654, 663; *Sheffield, &c. Railway* v. *Woodcock,* 7 M. & W. 582; *Wells* v. *Pierce,* 7 Foster, (N. H.) 503; *Simons* v. *Steele,* 36 N. H. 73, 79; *Kelly* v. *Eichman,* 5 Whart. 446.

*A. J. Fargo,* for the defendant.

Bigelow, C. J. The difficulty with the plaintiff's case is, that the facts disclosed at the trial do not warrant the application of the principle of law on which he relies in support of his exceptions. No doubt can be entertained that the rule of law is perfectly well settled, that when a party wilfully makes a representation of a fact to another, and thereby induces him, acting on the belief that such representation is true, to alter his position to his own prejudice, the former is precluded from averring against the latter that his representations were not true, in a controversy between them relating to the subject matter concerning which such representation was originally made. Such a representation is sometimes, though not very accurately, said

to operate as an estoppel; but its effect is rather to shut out a party from offering evidence in a court of justice, contrary to his previous statements. *Howard* v. *Hudson*, 2 El. & Bl. 1. *Audenried* v. *Betteley*, 5 Allen, 382. *Plumer* v. *Lord*, 9 Allen, 455.

Without undertaking to define the nature or kind of representations which will thus operate to preclude a party, we think it very clear that the statement proved at the trial of this case, which the plaintiff seeks to set up for the purpose of excluding the defence of the statute of limitations, does not come within the rule. In the first place, it does not appear that the representation made by the defendant of his intention to abandon his domicil in Massachusetts, and to take up his residence in California, was not perfectly true at the time it was made, and that he did not make it in entire good faith, and with the purpose of carrying it into execution. This however may not be a decisive consideration. But, in the next place, it was a representation only of a present intention or purpose. It was not a statement of a fact or state of things actually existing, or past and executed, on which a party might reasonably rely as fixed and certain, and by which he might properly be guided in his conduct, and induced to change his position in the manner alleged by the plaintiff. The intent of a party, however positive and fixed, concerning his future action, is necessarily uncertain as to its fulfilment, and must depend on contingencies and be subject to be changed and modified by subsequent events and circumstances. Especially is this true in regard to the place of one's domicil. On a representation concerning such a matter no person would have a right to rely, or to regulate his action in relation to any subject in which his interest was involved as upon a fixed, certain and definite fact or state of things, permanent in its nature and not liable to change. A person cannot be bound, by any rule of morality or good faith, not to change his intention, nor can he be precluded from showing such change, merely because he has previously represented that his intentions were once different from those which he eventually executed. The doctrine of estoppel or exclusion of evidence on the ground that it is contrary to a previous statement of a party does not

apply to such a representation. The reason on which the doc-trine rests is, that it would operate as a fraud if a party was allowed to aver and prove a fact to be contrary to that which he had previously stated to another for the purpose of inducing him to act and to alter his condition, to his prejudice, on the faith of such previous statement. But the reason wholly fails when the representation relates only to a present intention or purpose of a party, because, being in its nature uncertain and liable to change, it could not properly form a basis or induce-ment upon which a party could reasonably adopt any fixed and permanent course of action.

There is another decisive objection to the application of the rule in question to the case at bar. The jury have found that the alleged statement or representation made by the defendant to the plaintiff was not made for the purpose of deceiving the plaintiff, or inducing him to believe that he intended to take up a permanent residence in another state. This special finding seems to be in accordance with the evidence as stated in the exceptions, and the nature of the statement itself. There is wanting, therefore, an essential element, without which the rule contended for by the plaintiff cannot be applied in any case ; that is, that the defendant intended, when he made the alleged representation, that the plaintiff should act on the faith of it. That this is a material fact to be established, in order to justify the application of the doctrine of exclusion or estoppel, is well stated in the case already cited, *Howard* v. *Hudson, ubi supra,* and in *Freeman* v. *Cooke,* 2 Exch. 654.

Upon these grounds, we are of opinion that there was no error in the instructions given to the jury.

*Exceptions overruled.*